UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | | |
|---|---|---|
| CHRISTOPHER T. GOERKE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:15-004-DLB |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MICHAEL E. JONES, M.D., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

**** **** **** ****

Christopher T. Goerke is an inmate in the custody of the Kentucky Department of Corrections and is presently confined in the Kentucky State Reformatory in LaGrange, Kentucky.  Proceeding *pro se*, Goerke has filed a civil rights complaint on January 2, 2015, pursuant to 42 U.S.C. § 1983, alleging that Defendant Michael E. Jones, M.D., violated his Eighth Amendment rights concerning medical care and treatment on January 16, 2013.  Goerke also appears to assert a state law medical malpractice claim.  [R. 1] Goerke seeks compensatory damages of $50 million. [Complaint, R.1]

Goerke has also moved for the appointment of counsel [R. 2].  For the reasons stated below, Goerke's complaint will be dismissed because it is time-barred, and his motion for the appointment of counsel will be denied as moot.

Because Goerke is an inmate proceeding *in forma pauperis*, the Court is required to conduct a preliminary review of his complaint.  28 U.S.C. §§ 1915(e)(2)(B), 1915A.  Since Goerke is not represented by an attorney, the Court liberally construes his claims and accepts his

factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). As explained below, the Court determines that Goerke's Eighth Amendment claim and state law medical practice claim are time-barred, and therefore, his § 1983 complaint must be dismissed with prejudice.

## ALLEGATIONS OF THE COMPLAINT

Goerke claims that he went to Dr. Michael E. Jones' office "to have a[n] upper and lower G. I. done" on January 16, 2013. [Complaint, R. 1, p. 2]   Goerke was sedated for the procedure. When he woke up, he learned that he had undergone a surgical procedure. Specifically, he states: "I was put to sleep and when I awoke I had been operated on.  I was not informed of this and never gave my consent to be operated on." *Id.* Goerke goes on to state:  "I have had and still do to this day very serious issue useing [sic] the restroom.  My insides are messed up and I am in constant pain and require daily medications just to be able to use the restroom." *Id.*

## DISCUSSION

Goerke's Eighth Amendment claim and his state law medical malpractice claims must be dismissed because they are barred by the applicable one-year statute of limitations.  Since § 1983 does not provide its own statute of limitations, federal courts "borrow" the applicable limitations period from the state where the events occurred.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985).  For constitutional torts committed in Kentucky, the one-year limitation period under Ky. Rev. Stat. § 413.140(1)(a) for bringing general personal injury actions applies.  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990).

Federal law governs when the statute of limitations begins to run.  *Wilson*, 471 U.S. at 267; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272

(6th Cir. 1984).  A cause of action accrues when "... the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273.

In the present action, Goerke states that he went to Dr. Jones' office for an "upper and lower G.I." procedure on January 16, 2013.  He claims that he was sedated for that procedure, and when he woke up, he learned that Dr. Jones had performed surgery on him.  He claims that he had not given his consent to any surgical procedure.  Thus, it is clear from Goerke's complaint that his claims of an Eighth Amendment violation and medical malpractice accrued no later than January 16, 2013.  Goerke either knew or should have known on that date that his Eighth Amendment rights had been violated and that he had a medical malpractice claim against the defendant.

To satisfy Kentucky's one-year statute of limitations applicable to § 1983 actions, Goerke should have filed a § 1983 action alleging this constitutional rights violation and medical malpractice claim on or before January 16, 2014.  However, Goerke did not file this § 1983 complaint until December 30, 2014[1], more than one year and eleven months after the events of January 16, 2013 occurred, and more than eleven months after January 16, 2014, the day the one-year statute of limitations expired.  Therefore, it is obvious from the face of Goerke's complaint that his Eighth Amendment and medical malpractice claims are barred by Kentucky's one-year statute of limitations.  A district court is permitted to raise a limitations bar *sua sponte*

---

[1] The December 30 ,2014 date is when he placed the complaint in the Kentucky State Reformatory mail room [R. 1-2].

when the "defect was obvious from the face of the complaint." *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)).

For these reasons, Goerke's complaint fails to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).  The complaint will be dismissed with prejudice because it is time-barred, and judgment will be entered in favor of the Defendant. Goerke has no need for the appointment of counsel; that motion will be denied as moot.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Plaintiff Christopher T. Goerke's motion for the appointment of counsel [R. 2] is **DENIED AS MOOT**.

(2)     Goerke's complaint [R. 1], filed pursuant to 42 U.S.C. § 1983, is **DISMISSED WITH PREJUDICE** because it is time-barred.

(3)     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant.

This 9th day of April, 2015.



Signed By:

*David L. Bunning*   *DB*

United States District Judge

G:\DATA\ORDERS\Cov15\15-04 Order Dismissing 1983 Claim.doc

4